NELSON R. ROBERTS v. AMERICANA NURSING HOMES, INC. CLAY COUNTY WELFARE BOARD AND ANOTHER, GARNISHEES.
MOORHEAD AMERICANA, INC., INTERVENOR.

196 N. W. 2d 296.

March 24, 1972—No. 42744.

---

[2] 1B Dunnell, Dig. (3 ed.) § 397b.

*Erickson & Casey* and *Carl E. Erickson,* for appellant.
*Ryan, Ryan & Ebert* and *Richard C. Ebert,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Todd, and Mason, JJ.

PER CURIAM.

Intervenor, Moorhead Americana, Inc., appeals from an order of the District Court of Crow Wing County denying its motion for a new trial with respect to its claim to funds held by the Clay County Welfare Board and the Clay County State Bank of Dilworth, Minnesota, in the name of Americana Nursing Homes. The funds were subject to garnishment proceedings to satisfy the judgment obtained by plaintiff, Nelson R. Roberts, against defendant, Americana Nursing Homes, Inc.

Roberts obtained judgment against Americana Nursing Homes, Inc., for services as a realtor in 1964 and 1965. At the time of the commencement of the action, he caused service to be made upon the manager of Moorhead Americana, Inc., which was then operating an Americana nursing home in Moorhead, Minnesota. An answer was interposed on behalf of defendant, and no issue was raised as to its proper legal name, nor was any question raised about the service of the process.

After judgment was entered in favor of plaintiff and garnishments issued and funds tied up, the intervenor appeared before the court claiming that the funds held pursuant to the garnishment summons should not be subject to garnishment because they were actually its funds even though they were held in the name of Americana Nursing Homes.

The trial court found that the various corporations involved herein as defendants, intervenors, and owners contributed to the false belief on the part of plaintiff that defendant, Americana Nursing Homes, Inc., was the owner and operator of the nursing home at Moorhead, Minnesota, and that plaintiff acted in reasonable reliance upon this belief and would be prejudiced if intervenor were allowed to have the garnishments dismissed.

The trial court in its memorandum accompanying its order for judg-

ment correctly stated that the claim should be dismissed because all of the essential elements of the doctrine of equitable estoppel or estoppel in pais were present. See, Roberts v. Friedell, 218 Minn. 88, 96, 15 N. W. 2d 496, 500 (1944).

Intervenor argues with great vigor that the court should not pierce the corporate veils of the various entities involved. The trial court correctly found that this was not the question before it and correctly stated the real question, namely, whether or not related but separate corporations will be estopped by their words and conduct to assert their separateness. The trial court so found. We affirm.

Affirmed.